**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PAIGE PALMER, | |
| Petitioner, | Civil Action No. 23-1329 (KMW) |
| v. | **OPINION** |
| STEVIE KNIGHT, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Michael Paige Palmer brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the filing fee (ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." Also before the Court is Petitioner's motion seeking appointed counsel. (ECF No. 2.) For the reasons set forth below, Petitioner's habeas petition shall be denied, and his motion seeking appointment of counsel shall be denied in light of the denial of his habeas petition.

**I.   BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution, serving a sentence for child pornography charges. (*See* ECF No. 1-2 at

6.) Because those charges are explicitly excluded form eligibility under the First Step Act, Petitioner has been denied the opportunity to earn credits under the Act. (*Id.*) He now seeks to argue that the exclusion of eligibility to earn credits under the Act both violates Due Process as the list of ineligible offenses is, in Petitioner's view, irrational, and that the lack of available First Step Act credits for him violates the Ex Post Facto Clause of the constitution. (*See* ECF No. 1; ECF No. 1-1.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his first set of claims, Plaintiff attempts to argue that Congress's exclusion of inmates with certain classes of crimes from eligibility to earn credits towards their sentence under the First Step Act is unconstitutional as it creates a disparity between groups of inmates without a rational

2

In his final claim, Plaintiff asserts that the denial of eligibility for First Step Act credits also amounts to a violation of the Ex Post Facto clause as the Act was passed after his conviction and did not reduce his sentence while it does reduce the sentence of other offenders whose crimes of conviction do not exclude them from eligibility. The Ex Post Facto clause protects citizens from statutes which create retroactive punishments. *See, e.g., Peugh v. United States*, 569 U.S. 530, 538 (2013). The clauses protections thus apply to bar statutes which either render criminal conduct which was innocent when conducted, aggravate or make conduct subject to more serious charges than when committed, retroactively increase the punishment than that which applied when a criminal act was committed, or reduce the standards required to secure a conviction after the fact. *Id.* Petitioner appears to be asserting that the First Step Act falls into the third category because it did not reduce his sentence upon its passage which occurred after his conviction. However, the First Step Act had *no* effect on the length of Petitioner's sentence – it did not increase his term of imprisonment, and it did not remove from him any credits he'd already earned. Although the Act provided the opportunity for increased credits for some inmates, the statute did not change the number of credits available to those with a disqualifying conviction such as Petitioner. The sentence for his crimes were neither shortened, nor became onerous. Because the First Step Act had no effect on the length of Petitioner's sentence, it does not amount to an Ex Post Facto violation that Congress declined to provide Petitioner with additional credits through the Act. Thus, Petitioner's Ex Post Facto claim is without merit because the First Step Act did not lengthen or make his sentence more onerous, and his habeas petition is therefore denied. Because this Court will deny Petitioner's habeas petition in full, Petitioner's motion seeking appointed counsel (ECF No. 2) is in turn denied.

4

## IV.     CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is denied, and Petitioner's motion seeking appointed counsel (ECF No. 2) is denied. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge